UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**EXCHANGE INTERNATIONAL, INC.,**

    Plaintiff,

v.                                      **CASE NO. 6:10-cv-1273-ORL-35DAB**

**VACATION OWNERSHIP RELIEF, LLC,
MOISES VARGAS, BENJAMIN VARGAS,
CARMEN CILIBERTI, ANOUAR
LAROUSSI and LUIZ DIAZ,**

    Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court for consideration of the Report and Recommendation (Dkt. 30) issued by United States Magistrate Judge David A. Baker on October 27, 2010, regarding Plaintiff's Motion for Preliminary Injunction (Dkt. 13) and Motion for Entry of Stipulated Preliminary Injunction (Dkt. 30). Judge Baker recommends that Defendant Anouar Laroussi be enjoined from violating the exclusive rights of Plaintiff's copyrighted property and from unfairly competing against Plaintiff by using copied elements of Plaintiff's original work. (Dkt. 30 at 9, 15, 16.) Judge Baker further recommends that Defendant Laroussi be enjoined from violating a non-compete covenant in his Independent Contractor Agreement that precludes his engagement in business activities that directly compete with Plaintiff's business for a period of two years. (Dkt. 30 at 13-14, 15, 16.) Judge Baker recommends that the Motion for Preliminary Injunction be denied in its entirety as to Defendant Diaz, and denied as to Defendant Larrousi with respect to the claims arising under the Computer Fraud and

1

Abuse Act, 18 U.S.C. § 1030(g), and the common law tort of conversion. (Dkt. 30 at 10, 14, 16.)

With respect to Defendant Vacation Ownership Relief, LLC ("VOR"), Judge Baker states that Plaintiff represented at the Preliminary Injunction Hearing that VOR agreed in principle to the entry of the preliminary injunction, and Judge Baker acknowledges that this agreement could potentially moot the request for preliminary injunctive relief sought against VOR. (Dkt. 30 at 8.) Judge Baker nevertheless finds that, in the absence of an agreement, Plaintiff has met its burden for the issuance of a preliminary injunction enjoining Defendant VOR from violating the exclusive rights of Plaintiff's copyrighted property and from unfairly competing against Plaintiff by using copied elements of Plaintiff's original work. (Dkt. 30 at 8, 15, 16.) Judge Baker additionally recommends that the Court grant Plaintiff's Motion for Entry of Stipulated Preliminary Injunction, which contains a Stipulated Preliminary Injunction signed by Defendants Carmen Ciliberti, Moises Vargas and Benjamin Vargas. (Dkt. 30 at 1; Dkt. 22 at 4-9.) Finally, Judge Baker recommends that the Court require a bond of $25,000 for each six month period that Plaintiff seeks to enjoin Defendant Laroussi's competition in the timeshare resale market. (Dkt. 30 at 16-17.)

On November 10, 2010, Plaintiff filed a Limited Objection to the Report and Recommendation (Dkt. 23), objecting to the Report and Recommendation only inasmuch as it recommends that the Court require a bond of $25,000 for each six month period of the injunction against Defendant Laroussi. (Dkt. 32 at 1.) Defendant Laroussi filed a written objection to the Report and Recommendation on November 15, 2010, objecting to the recommendation that a preliminary injunction against him should issue.

(Dkt. 33 at 2.) Defendant Laroussi further objects to the recommended bond amount, arguing that a bond amount of $50,000 for each six month period is appropriate. (Dkt. 33 at 3.) No other objections to the Report and Recommendation have been filed and the deadline to do so has expired.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ., 896 F.2d 507, 512 (11th Cir.1990) (quoting H.R. 1609, 94th Cong. § 2 (1976)). In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo,* Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject, or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions *de novo,* even in the absence of an objection. See Cooper-Houston v. Southern Ry., 37 F.3d 603, 604 (11th Cir. 1994).

Upon consideration of the Report and Recommendation and an independent examination of the file, the Report and Recommendation is adopted, confirmed, and approved with respect to all factual findings and legal conclusions regarding the scope

3

of the preliminary injunction. However, the Court **GRANTS** Plaintiff's objection to the amount of the bond recommended by Judge Baker.

Rule 65(c) of the Federal Rules of Civil Procedure requires the injunction applicant to post security "sufficient for payment of costs and damages as may be incurred or suffered by the party determined to have been enjoined wrongfully." Weaver v. Sch. Bd. of Leon County, No. 00-00091-CV-WS, 2006 WL 858510, at *2 n.3 (11th Cir. Apr. 4, 2006). The burden of establishing a rational basis for the amount of a proposed bond rests with the party seeking security. Cont'l Group, Inc. v. KW Prop. Mgmt., LLC, No. 09-60202-CV, 2009 WL 3644475, at *6 (S.D. Fla. Oct. 30, 2009); Medi-Weightloss Franchising USA, LLC v. Sadek, No. 8:09-cv-2421-T-24MAP, 2010 WL 1837767, at *8 (M.D. Fla. Mar. 11, 2010).

Plaintiff argues that bond amount is excessive and bears no connection to the damages Defendant Laroussi would suffer if the injunction were found to be improvidently granted. (Dkt. 32 at 2.) At the Preliminary Injunction Hearing, Defendant Laroussi neither suggested an appropriate bond amount nor proffered any evidence regarding the amount of damages that he would incur as a result of the injunction. Once this deficiency was raised by the Plaintiff in the Objection to the Magistrate Judge's Report and Recommendation, Defendant Laroussi failed to cure it by offering evidence of his claimed potential damages. In the absence of such evidence, the Court finds that Defendant Laroussi has failed to establish a basis for the recommended bond amount of $25,000 for each six month period of the injunction. Plaintiff suggests that the bond should be set at $5,000 and cites Medi-Weightloss, which also involved a preliminary injunction to enforce non-compete covenants of two former employees. The

court in Medi-Weightloss found that bond of $10,000 – $5,000 per defendant – was appropriate. Medi-Weightloss, No. 8:09-cv-2421-T-24MAP, 2010 WL 1837767, at *8. This Court finds that this matter is analogous to Medi-Weightloss and further finds that a bond in the amount of $5,000 is sufficient to compensate Defendant Laroussi for any costs and damages should this injunction be found to be wrongfully imposed.

The Court overrules the objections of Defendant Laroussi. Defendant Larrousi first argues that he never signed a contract containing a non-compete provision. (Dkt. 33 at 2, 3.) This argument was raised at the preliminary injunction hearing, contradicted by evidence offered by Plaintiff at the hearing and ultimately rejected by Judge Baker in the Report and Recommendation. (Dkt. 30 at 9.) The Court finds no cause to disturb this finding in the Report and Recommendation. Defendant Laroussi also objects to the amount of the bond, suggesting that bond should be set at $50,000 for each six month period of the injunction. However, Defendant Laroussi offers no legal authority in support of this figure and no evidence that he would incur damages in this amount. The Court therefore finds that the enhanced bond amount proposed by Defendant Laroussi has no rational basis and overrules his objection in this respect.

Based on the foregoing, it is hereby **ORDERED** that:

1. The Report and Recommendation is adopted, confirmed, and approved with respect to all factual findings and with respect to the scope of the preliminary injunction. Plaintiff's Motion for Preliminary Injunction (Dkt. 13) is **GRANTED in part** and **DENIED in part** as set forth in the Report and Recommendation and this Order.

2. Plaintiff's Motion for Entry of Stipulated Preliminary Injunction (Dkt. 30) is **GRANTED** and the Stipulated Preliminary Injunction contained therein is **APPROVED** as to Defendants Carmen Ciliberti, Moises Vargas and Benjamin Vargas.

3. Plaintiff's Limited Objection to the Report and Recommendation (Dkt. 23) is **GRANTED**. Plaintiff shall post a bond in the amount of $5,000.

4. Plaintiff is **DIRECTED** to submit a proposed form of preliminary injunction consistent with the Report and Recommendation and this Order;

5. Plaintiff is further **DIRECTED** to submit any stipulation to the entry of a preliminary injunction signed by an authorized representative of Defendant Vacation Ownership Relief, LLC. In the absence of an agreement between Plaintiff and Defendant Vacation Ownership Relief, LLC, Plaintiff should resubmit its request for preliminary injunctive relief as to this Defendant.

6. Defendant Laroussi's Objections to the Report and Recommendation (Dkt. 33) are **OVERRULED**.

**DONE** and **ORDERED** in Orlando, Florida, on this 2nd day of December 2010.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Any Unrepresented Parties